UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-277-G |
| ) | |
| DALLAS JASON FORD, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is a Report and Recommendation (Doc. No. 27) issued on August 25, 2025, by United States Magistrate Judge Amanda L. Maxfield pursuant to 28 U.S.C. § 636(b)(1). No objection has been filed by any party within the time allowed.

*I. Background*

Defendant Dallas Jason Ford has been charged with one count of possession of a prohibited object in violation of 18 U.S.C. § 1791(a)(2). *See* Indictment (Doc. No. 1). On October 24, 2024, the Court granted Defendant's unopposed Motion for Determination of Competency (Doc. No. 11). The Court ordered a psychiatric or psychological examination, committed Defendant to the custody of the Attorney General, and directed the examiner to determine whether Defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Order of Mar. 11, 2025 (Doc. No. 20) at 2; *see* 18 U.S.C. § 4241(b).

Forensic psychologist Robin Watkins, PhD, with the Federal Bureau of Prisons,

conducted the psychological evaluation and concluded that Defendant "does not meet criteria for a mental disorder that would impair his ability to understand the nature and consequences of the proceedings against him, or to assist properly in his defense." Watkins Report (Doc. No. 21) at 19. Further, Dr. Watkins opined that, "[b]ased on the totality of [the] findings," Defendant's antisocial personality features and substance use disorders "do not presently impair [Defendant's] ability to understand the nature and consequences of the proceedings against him" or his ability "to assist properly in his defense." *Id.* The Report therefore concluded that Defendant "is competent to proceed at this time." *Id.*

Judge Maxfield conducted a competency hearing on August 22, 2025. Defendant appeared with counsel, Michael Noland. Assistant United States Attorney Elizabeth Joynes appeared on behalf of the Government and presented Dr. Watkins as a witness. *See* Doc. No. 29.

## II. The Report and Recommendation

In the Report and Recommendation, Judge Maxfield considered the relevant evidence in the record, including Dr. Watkins' hearing testimony and the questioning and arguments of counsel. *See* R. & R. at 2-4, 6-9. Judge Maxfield found by a preponderance of the evidence that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. *See id.* at 9. Judge Maxfield therefore recommended that Defendant be found competent to stand trial. *See id.*; 18 U.S.C. § 4241(a).

The Report and Recommendation advised the parties of their right to object.[1]  Judge Maxfield also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation.  *See* R. & R. at 9.

CONCLUSION

There being no objection to the Report and Recommendation, and the Court having reviewed the relevant record, IT IS ORDERED AS FOLLOWS:

The Report and Recommendation (Doc. No. 30) is ADOPTED as modified herein.  The Court finds by a preponderance of the evidence that Defendant Dallas Jason Ford is not presently "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).

Accordingly, the Court finds Defendant competent to stand trial.  This case is set upon the October 2025 trial docket, which is scheduled to begin on October 14, 2025.  All pretrial deadlines are hereby reset in accordance with the deadlines in the Federal Rules of Criminal Procedure and this Court's Local Criminal Rules.

---

[1] Although the Report and Recommendation directed that any objection must be filed by September 2, 2025, the deadline pursuant to the relevant statute and rule was September 8, 2025.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  The undersigned has allowed the full objection period to elapse before considering the Report and Recommendation.

IT IS SO ORDERED this 9th day of September, 2025.

CHARLES B. GOODWIN
United States District Judge

4